RECEIVED
JUL 28 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT FOR COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:17-mj-53**69** |
| GEORGE PAPADOPOULOS, | **UNDER SEAL** |
| Defendant | |

## UNITED STATES' MOTION TO SEAL ALL FILINGS ASSOCIATED WITH THE CRIMINAL COMPLAINT

The United States, by and through undersigned counsel, asks for an Order sealing the criminal complaint and all filings associated with the complaint, including the docket in this matter, this Motion to Seal, and the proposed Order, until the United States makes a motion to unseal, except as necessary to conduct the defendant's initial appearance.

**I.    Reasons for Sealing the Complaint and Associated Documents**

1. The Court has the inherent power to seal court filings when appropriate, including the complaint. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The Court may also seal the complaint to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Complaint. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). In this case, sealing is necessary to avoid possible material prejudice to the ongoing investigation.

2. Defendant Papadopoulos served as a foreign policy advisor for the presidential campaign of Donald J. Trump starting no later than on or about March 16, 2016, and continuing through most of that campaign. On July 27, 2017, the defendant was arrested when he landed at Washington Dulles International Airport on a flight from Munich, Germany. He has been charged

in a criminal complaint filed in this Court with making false statements to agents of the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001; and altering or concealing records, in violation of 18 U.S.C. § 1519. The charges are based on actions that the defendant took during and after law enforcement interviews with him as part of an investigation into the Russian government's efforts to interfere in the 2016 presidential election. On the morning of July 28, 2017, the Court granted an oral motion to seal these documents. *Cf.* Local Criminal Rule 49(e)(4) (providing that "the filing of every . . . document [prior to the initial appearance of a criminal defendant] under seal shall not require a motion to seal"). The Government now moves for an equivalent written order.

3. Premature disclosure of the fact of the defendant's arrest and the nature of the charges against him is likely to substantially prejudice both the defendant and the government. Defendant has indicated that he is willing to cooperate with the government in its ongoing investigation into Russian efforts to interfere in the 2016 presidential election. Public disclosure of the defendant's initial appearance, however, would significantly undermine his ability to serve as a proactive cooperator. In addition, public disclosure of defendant's arrest and the accompanying criminal charges may alert other subjects to the direction and status of the investigation. Once alerted to this development, potential targets may be prompted to destroy or conceal incriminating evidence, including evidence that the government may be pursuing imminently pursuant to judicial authorization.

4. The United States has considered alternatives less restrictive than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to avoid potential material prejudice to this investigation.

## II. Period of Time That the Government Seeks To Have Matter Remain Under Seal.

5. The government requests that the criminal complaint materials remain sealed until the need to maintain the confidentiality of these materials expires, after which time the United States will move to unseal the materials. The government will promptly advise the Court if it is determined that sealing is no longer required to protect the interests at stake here.

6. Notwithstanding this motion to seal, the United States requests authorization to provide copies as necessary to conduct defendant's initial appearance.

WHEREFORE, the United States respectfully requests that the criminal complaint and all related filings, including the docket in this matter and this Motion to Seal and proposed Order, be sealed until further Order of the Court.

Date: July 28, 2017

Respectfully submitted,

Robert S. Mueller, III
Special Counsel

By: __/s/_____
Aaron S.J. Zelinsky
Assistant Special Counsel