**FILED**
**OCT 0 3 2017**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT FOR COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 17-182 (RDM) |
| GEORGE PAPADOPOULOS, | **UNDER SEAL** |
| Defendant | |

## UNITED STATES' MOTION TO SEAL ALL FILINGS ASSOCIATED WITH THE PROPOSED INFORMATION

The United States, by and through undersigned counsel, asks for an Order sealing the proposed information and this motion (collectively the "information"), including the docket in this matter, until the United States makes a motion to unseal.

**I.    Reasons for Sealing the Proposed Information and Associated Documents**

1.    The Court has the inherent power to seal court filings when appropriate, including the proposed information. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The Court may also seal the information to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the information. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). In this case, sealing is necessary to avoid possible material prejudice to the government's ongoing investigation into Russian interference in the 2016 presidential election.

2.    Defendant Papadopoulos served as a foreign policy advisor for the presidential campaign of Donald J. Trump starting no later than on or about March 16, 2016, and continuing through most of that campaign. On July 27, 2017, the defendant was arrested when he landed at Washington Dulles International Airport on a flight from Munich, Germany. He was charged in a

criminal complaint filed before Chief Judge Howell with making false statements to agents of the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001; and altering or concealing records, in violation of 18 U.S.C. § 1519. The charges were based on actions that the defendant took during and after law enforcement interviews with him as part of an investigation into the Russian government's efforts to interfere in the 2016 presidential election. On July 28, 2017, Chief Judge Howell granted a written motion to seal the complaint. *See* 17-mj-536. *Cf.* Local Criminal Rule 49(e)(4) (providing that "the filing of every . . . document [prior to the initial appearance of a criminal defendant] under seal shall not require a motion to seal"). The Government now moves to seal the proposed information, which charges the defendant with violating 18 U.S.C. § 1001, arising from the same facts.[1]

3. Premature disclosure of the fact of the nature of the charges the defendant is likely to substantially prejudice the government. Public disclosure of defendant's arrest and the accompanying criminal charges may alert other subjects to the direction and status of the investigation. Once alerted to this development, potential targets may be reticent to speak with investigators or modify the statements they may make to investigators.

4. The United States has considered alternatives less restrictive than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to avoid potential material prejudice to this investigation.

## II. Period of Time That the Government Seeks To Have Matter Remain Under Seal.

5. The government requests that the proposed information and its materials remain sealed until the need to maintain the confidentiality of these materials expires, after which time the

---

[1] The Government will also file a separate motion to seal the anticipated plea agreement in this matter and to close the courtroom for the plea hearing.

United States will move to unseal the materials. The government will promptly advise the Court if it is determined that sealing is no longer required to protect the interests at stake here.

WHEREFORE, the United States respectfully requests that the proposed information and all related filings, including the docket in this matter and this Motion to Seal and proposed Order, be sealed until further Order of the Court.

Date: October 3, 2017                                     Respectfully submitted,

                                                          Robert S. Mueller, III
                                                          Special Counsel

                                                    By:   _____
                                                          Jeannie S. Rhee
                                                          Andrew D. Goldstein
                                                          Aaron S.J. Zelinsky
                                                          The Special Counsel's Office