# Exhibit A

## DECLARATION IN SUPPORT OF GOVERNMENT'S MOTION TO SEAL DEFENDANT'S PLEA AGREEMENT AND TO CLOSE THE COURTROOM FOR PLEA HEARING

I, Jennifer Zelski Edwards, declare:

1. I am a Special Agent with Federal Bureau of Investigation (FBI). I have been a Special Agent with the FBI since 2006. In the course of my duties, I have been responsible for investigating a variety of criminal and national security matters. Additionally, I have received significant training in various investigative techniques and procedures. I make this declaration in support of a motion to seal the plea agreement and to close the courtroom for the plea hearing of the defendant, George Papadopoulos.

2. The facts in this declaration come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This declaration is intended to show that there is a compelling interest to seal the plea agreement and courtroom; this declaration does not set forth all of my knowledge about this matter.

3. I am currently assigned to the ongoing investigation run by the Special Counsel's Office into Russian interference in the 2016 presidential election. In that capacity, I have worked on the investigation of the defendant, and I continue to work on aspects of the Special Counsel investigation related to the defendant's statements.

4. The defendant's guilty plea (if accepted) will result in the first criminal conviction arising from the Special Counsel's investigation into Russian interference in the 2016 presidential election. The investigation is ongoing and includes pursuing leads from information provided by and related to the defendant regarding communications he had, inter alia, with certain other individuals associated with the campaign. The government will very shortly seek, among other investigative steps, to interview certain individuals who may have knowledge of

1

contacts between Russian nationals (or Russia-connected foreign nationals) and the campaign, including the contacts between the defendant and foreign nationals set forth in the Statement of Offense incorporated into the defendant's plea agreement.

5. In my training and experience, the disclosure of a defendant's plea may discourage individuals of interest who are associated with the defendant from speaking with investigators. Such reticence is more likely when the investigation is a focus of intense public interest, as is the case here. Publicity arising from a plea in high-interest circumstances is likely to discourage individuals from cooperating with investigators, either because of the prospect of criminal exposure or because they fear becoming the subject of renewed media coverage themselves. Even where an individual of interest is willing to speak with investigators, the individual could potentially shape his or her statements in light of knowledge of the defendant's plea.

6. Public disclosure of the defendant's guilty plea at this time could thus significantly compromise the government's ability to carry out the planned interviews described above and the investigative steps that may precede or follow them. In particular, disclosure of the defendant's plea could likely discourage persons of interest, including individuals associated with the campaign, from speaking with investigators about their interactions with the defendant and related matters. Because individuals who become aware of the Special Counsel's focus on events related to the defendant's plea may well be dissuaded from providing information, the investigation would be irreparably jeopardized by disclosure of the defendant's plea.

Respectfully submitted,

/s/ Jennifer Zelski Edwards

Jennifer Zelski Edwards
Special Agent
Federal Bureau of Investigation