IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 17-cr-182-RDM |
| GEORGE PAPADOPOULOS, | |
| Defendant. | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE BAIL

Defendant George Papadopoulos has moved to continue his bail pending the decision of the United States Court of Appeals for the District of Columbia Circuit in *In Re: Grand Jury Investigation*, No. 18-3052. The motion should be denied. The defendant has no pending appeal, his motion is made for purposes of delay, and he has not presented a substantial legal question that is likely to result in reversal.

## BACKGROUND

1.     On October 5, 2017, defendant Papadopoulos pleaded guilty before this Court to making false statements to the Federal Bureau of Investigation (FBI) in violation of 18 U.S.C. § 1001. As detailed in the Statement of the Offense, the defendant lied to the FBI regarding his interactions with a foreign professor whom he understood to have significant ties to the Russian government, as well as a female Russian national. The defendant claimed his interactions with these individuals were inconsequential and predated his time on the Trump Campaign. In truth and fact, the defendant knew that the professor took an interest in him only after the professor learned the defendant was affiliated with the Trump Campaign, and in late April 2016 after returning from a trip to Moscow, the professor told the defendant that Russia possessed "dirt" on Clinton in the form of "thousands of emails" while the defendant was affiliated with the Campaign.

As part of his plea agreement, the defendant explicitly agreed to waive any motion brought pursuant to 28 U.S.C. § 2255 and Fed. R. Civ. P. 60(b), except to the extent such a motion was based on newly discovered evidence or ineffective assistance of counsel. *See* Exh. A, at 7.

2.     The defendant's sentencing was scheduled for September 7, 2016.  In advance of the defendant's sentencing, there were numerous public reports that the defendant was considering trying to withdraw his guilty plea.[1]  Ten days prior to his sentencing, the defendant publicly tweeted, "Been a hell of a year. Decisions."

3.     On September 7, 2018, this Court held a sentencing proceeding where the defendant stated that he had "lied to the FBI" and, "[t]hat was wrong, it was a crime."  (Tr. 33, 34).  He said that his parents raised him "with the principles of honesty and respect for the law," and when he lied to the FBI, he "cast aside those principles and compromised the person who [he is]."  (Tr. 33). The defendant further stated that, "standing here in front of the Court and you, your Honor, and the public today signals to all future and current witnesses in this investigation that this investigation has global implications and that the truth matters." (Tr. 35).  The defendant closed by telling the Court that he had been "grateful for the opportunity [he] was given to assist in this investigation" and he had "nothing but respect for the Court and the legal process."  *Id.* The Court sentenced the defendant to fourteen days incarceration followed by twelve months of supervised release and a fine of $9,500.

4.     Following the defendant's sentencing, he made a variety of public statements that appear to be inconsistent with his stated acceptance of responsibility at sentencing.  For example, on October 25, 2018, the defendant publicly tweeted that his prosecution constituted "the biggest

---

[1] *See, e.g.* Matthew Mosk, *Papadopoulos Could Decide to Withdraw Guilty Plea This Week, Wife Says,* ABC News, August 20, 2018, available at https://abcnews.go.com/Politics/papadopoulos-decide-withdraw-guilty-plea-week-wife.

case of entrapment!"[2]  Appearing on a national television show the next day, the defendant stated

that he was "considering withdrawing his agreement" because he should not "have to serve even

one day in jail for something that now it seems was completely orchestrated and I was framed[.]"

Several days later, the defendant publicly tweeted: "I have been sentenced to prison in our country

while having exculpatory evidence hidden from me. If I knew what I knew today, I would have

never plead guilty."[3]  On November 9, 2018, the defendant tweeted, "Biggest regret? Pleading

guilty[.]"[4]


**ARGUMENT**

**THE CIRCUMSTANCES DO NOT JUSTIFY DELAYING THE DEFENDANT'S REPORTING DATE**

**A.     There is No Appeal Pending in This Case**

The defendant first argues that he should be "release[d] pending appeal." Mtn at 1; *See also*

18 U.S.C. 3143(b) ("Release or detention pending appeal by the defendant").  However, there is

no pending appeal in this case.  The defendant's time to file any appeal expired on September 25,

2018, fourteen days after the entry of judgment.  *See* Dkt. 50.  Moreover, the defendant expressly

waived his rights to appeal a sentence within the statutory range, which he received.  *See* Exh. A,

at 6.

**B.     The Defendant Does Not Meet the Standards of 18 U.S.C. § 3143(b)**

Even if an appeal were allowed in the face of the defendant's express waiver and the

expiration of time to file, the defendant has failed to show that he meets the necessary criteria

pursuant to 18 U.S.C. § 3143(b).  First, the defendant's public statements following his sentencing

---

[2] This tweet has since been removed from the defendant's public Twitter account.
[3] This tweet has since been removed from the defendant's public Twitter account.
[4] This tweet has since been removed from the defendant's public Twitter account.

indicate that this motion is being made for the "purposes of delay," 18 U.S.C. §3143(b)(1)(B).  As described above, the defendant has recently and publicly claimed that he should not serve "even one day in jail" for his guilty plea.  Moreover, the defendant's newly raised argument has long been available to him. The first Court opinion addressing the validity of the Special Counsel's appointment was publicly released on August 2, 2018, *see In re Grand Jury Investigation*, 315 F. Supp. 3d 602 (D.D.C. 2018) (Howell, C.J.), well in advance of his sentencing, and the litigation the defendant cites as his ostensible reason for delay has long been the subject of much public commentary.  *C.f.* Def. Mtn at 9 (claiming that the litigation constitutes "newly discovered evidence.").

Second, the defendant has failed to show that he raises a "substantial question . . . likely to result in . . . reversal" with regard to his challenge to the authority of the Special Counsel.  Two judges of this Court have rejected the same argument, concluding that the appointment of the Special Counsel is valid. *See In Re Grand Jury Investigation*, *supra*; *United States v. Concord Mgmt.&7 Consulting LLC,* 317 F. Supp 3d 598 (D.D.C. 2018) (Friedrich, J.); *see also United States v. Manafort* 2018 WL 3126380 (E.D. Va. June 26, 2018), at *3 n.5 (noting that, although not briefed, an Appointments Clause "objection would likely fail").  Once the defendant pleaded guilty "[t]he law has shifted from a presumption of release to a presumption of valid conviction," *United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1988) (citation omitted), and the defendant therefore bears the burden of rebutting this presumption and "demonstrat[ing] that he has a substantial question to present [upon appeal] before he may be admitted to bail," *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986).   An issue is "substantial" within the meaning § 3143(b) only if it "is a close question or one that very well could have been decided the other way." *Perholtz*, 836 F.2d at 555 (internal quotation marks and footnote omitted) (adopting the "more

4

demanding" standard applied in the courts of appeals); *see United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007) (concluding that "the Appointments Clause issue raised by the defendant" – a claim that Special Counsel Patrick Fitzgerald was a principal officer – "does not present 'a substantial question of law or fact likely to result in . . . reversal'"). The defendant has not established that the issue he would raise is "close" or "very well could have been decided the other way." Nor has he established that he would be able to surmount the procedural hurdles of his guilty plea, his plea-agreement waivers, and his failure to raise the issues in a timely manner, as would be needed to show that the issue is likely to result in reversal.

The defendant argues, in the alternative, that he has made out "a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Def. Mtn at 2. But beginning to serve a sentence within his contemplated plea range while a legal issue is pending on appeal in an unrelated case does not qualify as hardship or inequity. The defendant cites no case so holding. And the statutory authority he cites explicitly refers to release pending "appeal." Here, as part of a favorable plea agreement, the defendant waived his appeal and did not file a timely notice. The defendant received what he bargained for, and holding him to it is not a hardship.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: November 21, 2018            By:      _____/s/_____
                                             Jeannie S. Rhee
                                             Andrew D. Goldstein
                                             Aaron S.J. Zelinsky
                                             The Special Counsel's Office